**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

JAYMIE QUIGLEY,

        Plaintiff and
        Counterclaim
        Defendant,

vs.

DALE WINTER,

        Defendant and
        Counterclaim
        Plaintiff.

**No. 06-CV-4053-DEO**

**FINAL JURY INSTRUCTIONS**

_____

8 CMJI 3.01 (mod.)

## INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed. In considering the instructions, you will attach no importance or significance whatever to the order in which they are given.

Finally, you must follow the instructions now given you regardless of your opinion of what the law ought to be. You may not be concerned with the wisdom of any rule of law.

INSTRUCTION NO. 2

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives the witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

### INSTRUCTION NO.  3

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence.  To prove something by the preponderance of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard which applies to criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

## INSTRUCTION NO. 4

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**INSTRUCTION NO.  5**

You have heard evidence about an investigation performed by the Sioux City Human Rights Commission and that organization's finding of "probable cause" regarding the issues in this case.  You may consider this finding by the Commission as evidence as set out in Exhibit 4.  The "probable cause" finding by the Sioux City Human Rights Commission is not a finding you are bound by.  It is just a step in procedure and is not a finding by a preponderance of the evidence.  You, as a jury, not the Commission, are the ones to decide whether or not the issues presented for your consideration have been proved or not.

### INSTRUCTION NO.  6

The plaintiff, Jaymie Quigley, has alleged two claims against the defendant, Dale Winter.  Those claims are:

1.  Sexual Harassment and disparate treatment based on sex under the present law.

2.  Breach of Contract.  The plaintiff has alleged that the defendant has wrongly failed to return her $425.00 security deposit.

The Court will further explain these claims below.

**INSTRUCTION NO. 7**

As the Court instructed you in the preliminary instructions, the plaintiff and the defendant have stipulated–that is, they have agreed–that certain facts are as counsel have just stated. You, therefore, treat those facts as having been proved.

1. From July 2002 through June 2004, plaintiff rented a house located at 1515 McDonald Street, Sioux City, Iowa 51103, which was owned and managed by defendant.

2. The 1515 McDonald St. house is a dwelling withing the meaning of 42 U.S.C. § 3602(b) and the real property or housing accommodation within the meaning of Iowa Code § 216.8.

3. Upon moving into the McDonald Street house, plaintiff paid defendant a security deposit of $525.00.

4. When plaintiff moved out of the McDonald Street house, she did not owe any unpaid rent.

5. Plaintiff held a Housing Choice Voucher through the Sioux City Housing Authority. The housing choice voucher program is the federal government's major program for assisting low-income families, the elderly, and the disabled to afford decent, safe, and sanitary housing in the private

market.  Because housing assistance is provided on behalf of the family or individual, participants are able to find their own housing, including single-family homes, townhouses, and apartments.

    6.   The plaintiff has a history of depression and anxiety prior to January, 2004.

## INSTRUCTION NO.  7A

You have heard a contention by the defendant that the plaintiff's boyfriend smoked marijuana and that the plaintiff asked the defendant if he wanted some.  The plaintiff denied that this incident occurred.  The Court is persuaded that you should not consider whether or not this incident occurred or even discuss it.  Whether it happened is not relevant to the issues before you.

**INSTRUCTION NO. 8**

There is no Instruction No. 8, please proceed to Instruction No. 8A.

## INSTRUCTION NO. 8A

The plaintiff must prove by the preponderance of the evidence that the defendant engaged in a discriminatory housing practice. The following are considered discriminatory housing practices prohibited by the present laws:

First, it is unlawful under the Fair Housing Act for a landlord to refuse to rent, or otherwise make unavailable houses or apartments or dwellings because of the tenant or applicant's sex.

Second, it is unlawful under the Fair Housing Act for a landlord to impose different terms, conditions or privileges related to the rental of a house or apartment or dwelling, or to deny or limit the terms, conditions, or privileges of the rental of an apartment or house or dwelling because of sex.

Third, it is unlawful under the Fair Housing Act to make statements with respect to the rental of a house, apartment or dwelling that indicate any preference, limitation, or discrimination based on sex, or that indicate any intention to make such a preference, limitation or discrimination.

Fourth, it is unlawful under the Fair Housing Act to coerce, intimidate, or interfere with any person in the

exercise and enjoyment of rights granted and protected by the Fair Housing Act.

If you find that the plaintiff has shown one or more of these acts or practices by the preponderance of the evidence, you must find that the plaintiff has shown that the defendant committed a discriminatory housing practice.

If the plaintiff has failed to prove by a preponderance of the evidence that the defendant has committed one of the above listed acts, then your verdict must be for the defendant.

## INSTRUCTION NO. 9

There is no Instruction No. 9, please proceed to Instruction No. 10.

**INSTRUCTION NO. 10**

The plaintiff must prove by a preponderance of the evidence that sex was a motivating factor in defendant's commission of any discriminatory housing practice.

The plaintiff is not required to show that her sex was the sole reason for the defendant's action; the plaintiff is only required to show that sex was one motivating factor behind the challenged conduct.

## INSTRUCTION NO. 11

Sexual harassment is a form of discrimination that is prohibited by the Fair Housing Act. The term "sexual harassment" in this case refers to conduct as set forth in Instruction Nos. 12 and 13.

In order to show that the plaintiff has been a victim of defendant's illegal sexual harassment, the plaintiff must show the defendant acted in one of two ways towards her. First, the plaintiff may show that the defendant created what is called a "hostile environment" against her. Second, in the alternative, the plaintiff may show that the defendant either explicitly or implicitly conditioned the tenancy, continued tenancy, or any of the terms, conditions, or privileges of tenancy of the plaintiff upon the granting of sexual favors. This is known as "quid pro quo" harassment.

If you determine, by a preponderance of the evidence that the defendant created a "hostile housing environment" or engaged in "quid pro quo" sexual harassment against the plaintiff, then you must find that the plaintiff is a victim of discrimination based on sex.

INSTRUCTION NO. 12

Sex harassment that creates a hostile housing environment is also prohibited by the Fair Housing Act. Your verdict must be for the plaintiff on the plaintiff's claim of sex harassment if all of the following elements have been proved by the preponderance of the evidence:

*First*, the plaintiff was subjected to sexual advances, requests for sexual favors, and/or other sexual verbal or physical conduct; and

*Second*, such conduct was unwelcome; and

*Third*, such conduct was based on the plaintiff's sex; and

*Fourth*, such conduct was sufficiently severe or pervasive that a reasonable person in the plaintiff's position would find the plaintiff's housing environment to be hostile; and

*Fifth*, at the time such conduct occurred and as a result of such conduct, the plaintiff believed her housing environment to be hostile.

If you find that the plaintiff has proven all of these elements by a preponderance of the evidence, then your verdict must be for the plaintiff.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the defendant and you need not proceed further in considering this claim, but shall consider the plaintiff's and defendant's other claims regardless of your verdict on this instruction.

### INSTRUCTION NO. 13

Next the Court will define "quid pro quo" sexual harassment - the second type of sexual harassment. The plaintiff has been a victim of quid pro quo harassment based on sex if the following elements have been proved by the preponderance of the evidence:

*First*, the defendant conditioned her tenancy, or the terms, conditions, or privileges of her tenancy on the granting of sexual favors; and

*Second*, that conduct was unwelcome; and

*Third*, that conduct was based on the plaintiff's sex; and

*Fourth*, the landlord took adverse action against the plaintiff that resulted in a tangible change in her housing. Such adverse actions may include terminating her tenancy, or wrongfully failing to return her deposit, if you so find; and

*Fifth*, the plaintiff's refusal to submit to the defendant's advances was a motivating factor in the landlord's decision to take adverse action against her that resulted in a tangible change in her housing.

If you find that the plaintiff has proven these elements by a preponderance of the evidence, your verdict must be for the plaintiff.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the defendant and you need not proceed further in considering this claim, but shall consider the plaintiff's and defendant's other claims regardless of your verdict on this instruction.

### INSTRUCTION NO. 14

Your verdict must be for the plaintiff and against the defendant on the plaintiff's coerced, intimidated, or interfered with housing rights claim if all the following elements have been proved by a preponderance of the evidence:

*First*, the plaintiff was engaged in the exercise or enjoyment of her housing rights; and

*Second*, the defendant was motivated in part by an intent to discriminate against plaintiff; and

*Third*, the defendant coerced, intimidated, or interfered with plaintiff on account of her exercise or enjoyment of her housing rights.

You may find that the plaintiff's exercise or enjoyment of her housing rights played a part in the defendant's decision if it has been proved by a preponderance of the evidence that the defendant's stated reason(s) for his decision is a pretext to hide discrimination.

If you find that the plaintiff has proven all these elements by a preponderance of the evidence, then your verdict must be for the plaintiff.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for the defendant and you need not proceed further in considering this claim, but shall consider the plaintiff's and defendant's other claims regardless of your verdict on this instruction.

**INSTRUCTION NO. 15**

Conduct is 'unwelcome' if the plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive. Unwelcome verbal conduct may include, but is not limited to, sexually explicit language, demands or comments. Unwelcome physical conduct may include, but is not limited to, contact with an intimate body part.

**INSTRUCTION NO.  16**

In  determining  whether  a  reasonable  person  in  the plaintiff's circumstances would find the plaintiff's housing environment  to  be  hostile,  you  must  look  at  all  the circumstances.  The circumstances may include the frequency of the  conduct  complained  of;  its  severity;  whether  it  was humiliating  or  merely  offensive;  whether  it  unreasonably interfered  with  the  plaintiff's  housing  situation;  and  the effect on the plaintiff's psychological well-being.  No single factor  is  required  in  order  to  find  a  housing  environment hostile or abusive.

**INSTRUCTION NO. 17**

There is no Instruction No. 17, please proceed to Instruction No. 18.

42 U.S.C. § 3614(d)(1)(B)

**INSTRUCTION NO. 18**

Under the Fair Housing Act, the plaintiff has the right to seek monetary relief for illegal discrimination. If you find the plaintiff has proven by a preponderance of the evidence that the defendant has sexually harassed and/or illegally discriminated against her, you must decide what damages, if any, are attributable to the defendant's conduct.

The plaintiff is seeking two types of damages -- actual damages and punitive damages. There are different rules which apply to each type of damages. Consequently, you must consider each type separately.

**INSTRUCTION NO.  19**

If you find in favor of the plaintiff under Instruction Nos. 12, 13, and 14, then you must award the plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate the plaintiff for any actual damages you find the plaintiff sustained as a direct result of the defendant's conduct as submitted in Instruction Nos. 12, 13, and 14.  Actual damages may include the economic costs incurred as direct result of the defendant's conduct, such as the loss of her deposit and the emotional distress or mental anguish suffered by the plaintiff.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award any actual damages by way of punishment or through sympathy.

## INSTRUCTION NO. 20

While I said earlier that damages must be proved, not all damages are susceptible to an exact determination. The plaintiff is seeking monetary damages for emotional distress and/or mental anguish.

If you find by a preponderance of the evidence that the plaintiff suffered emotional distress and/or mental anguish as a result of the defendant's conduct, you should compensate her for the harm she experienced.

Emotional distress may be established through the testimony of the plaintiff. That is, you may conclude on the basis of the plaintiff's testimony alone, that she has experienced emotional distress and/or mental anguish. In addition, you may conclude on the basis of other witnesses' testimony that a victim experienced emotional distress and/or mental anguish. It is not necessary for the plaintiff to present evidence of economic loss or medical evidence of mental or physical symptoms in order to receive compensatory damages for emotional distress and mental anguish.

Emotional distress may be proved or disproved through the testimony of the plaintiff or other witnesses. It is not

necessary for the plaintiff to prove physical symptoms in order to receive damages for emotional distress.

**INSTRUCTION NO. 21**

If you find in favor of the plaintiff under Instruction Nos. 12, 13, and 14, but you do not find that the plaintiff's damages have monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

**INSTRUCTION NO. 22**

An award of damages is denied if the evidence is speculative and uncertain as to whether or not damages have been sustained. But, if the uncertainty lies only in the amount of damages, recovery may be had if there is proof of a reasonable basis from which the amount can be inferred or approximated.

Thus, some speculation is acceptable. While it may be hard to ascertain a loss with preciseness and certainty, the wronged party should not be penalized because of that difficulty.

**INSTRUCTION NO.  23**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages in order to punish the defendant for some extraordinary conduct.

If you find in favor of the plaintiff and against defendant, and if you find by the preponderance of the evidence that the defendant's conduct only as against the plaintiff was motivated by evil motive or intent, or that the defendant was recklessly or callously indifferent to the plaintiff's rights, then in addition to any other damages to which you find the plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages for the sole purposes of punishing the defendant and deterring the defendant and others from engaging in such misconduct in the future.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. how reprehensible the defendant's conduct was.  In this regard, you may consider whether the harm suffered by the

plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff;

2. how much harm actually resulted to the plaintiff from the defendant's wrongful conduct and not from the defendant's general conduct;

3. what amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for his wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future;

4. in order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the amount of compensatory damages you awarded, if any; and

5. the amount of possible harm the defendant's conduct could cause the plaintiff in the future.

## INSTRUCTION NO. 24

Punitive damages may be awarded even if you award the plaintiff only nominal, and not actual, damages.

**INSTRUCTION NO.  25**

On her breach of contract claim, plaintiff must prove all of the following propositions:

1.   The parties were capable of contracting.

2.   The existence of a contract.

3.   The consideration.

4.   The terms of the contract.

5.   The plaintiff has done what the contract required her to do.

6.   The defendant has breached the contract.

7.   The amount of any damage defendant has caused.

If the plaintiff has failed to prove any of these propositions by a preponderance of the evidence, she is not entitled to damages.  If the plaintiff has proved all of these propositions, she is entitled to damages in some amount.

**INSTRUCTION NO. 26**

A breach of the contract occurs when a party fails to perform a term of the contract.

**INSTRUCTION NO.  27**

The existence of a contract requires a meeting of the minds on the material terms.  This means the parties must agree upon the same things in the same sense.  You are to determine if a contract existed from the words and acts of the parties, together with all reasonable inferences you may draw from the surrounding circumstances.

## INSTRUCTION NO. 28

"Consideration" is either a benefit given or to be given to the person who makes the promise or a detriment experienced or to be experienced by the person to whom the promise is made. Where the contract provides for mutual promises, each promise is a consideration for the other promise.

**INSTRUCTION NO.  29**

If you find in favor of the plaintiff in Instruction No. 25, then you must award her damages for breach of contract. The measure of damages for breach of a contract is an amount that will reimburse plaintiff for the loss caused by her reliance on the contract and will place her in as good a position as if the breach had not been made.

The damages you award for breach of contract must be foreseeable or have been reasonably foreseen at the time the parties entered into the contract.

In your consideration of the damages, you may consider the following:

1.  The amount of the rental security deposit.

**INSTRUCTION NO. 30**

The defendant and counterclaim plaintiff, Dale Winter, has alleged a claim against the plaintiff and counterclaim defendant, Jaymie Quigley. That claim is:

1. Breach of Contract. Dale Winter claims that Jaymie Quigley owes him damages for failing to leave the property in a clean and satisfactory condition and damage to the property.

**INSTRUCTION NO.  31**

On his breach of contract counterclaim, Dale Winter must prove all of the following propositions:

1.  The parties were capable of contracting.

2.  The existence of a contract.

3.  The consideration.

4.  The terms of the contract.

5.  Dale Winter has done what the contract required him to do.

6.  Jaymie Quigley has breached the contract.

7.  The amount of any damage Jaymie Quigley has caused.

If Dale Winter has failed to prove any of these propositions by a preponderance of the evidence, he is not entitled to damages.  If Dale Winter has proved all of these propositions, he is entitled to damages in some amount.

**INSTRUCTION NO. 32**

If you find in favor of the Dale Winter in Instruction No. 31, then you must award him damages for breach of contract. The measure of damages for breach of a contract is an amount that will reimburse Dale Winter for the loss caused by his reliance on the contract and will place him in as good a position as if the breach had not been made.

The damages you award for breach of contract must be foreseeable or have been reasonably foreseen at the time the parties entered into the contract.

In your consideration of the damages, you may consider the following:

1. The costs of cleaning, repairing, and otherwise returning the dwelling to the state it was in at the beginning of Jaymie Quigley's tenancy, normal wear and tear excepted.

**INSTRUCTION NO.  33**

There is no Instruction No. 33, please proceed to Instruction No. 34.

**INSTRUCTION NO. 34**

In arriving at an item of damage, you cannot arrive at a figure by taking down the estimate of each juror as to an item of damage and agreeing in advance that the average of those estimates shall be your item of damage.

## INSTRUCTION NO. 35

You must use your sound judgment based upon impartial consideration of the evidence. Your judgment must not be exercised arbitrarily, or out of sympathy or prejudice, for or against the parties. The amount you assess for any items of damage must not exceed the amount caused by a party as proved by the evidence. A party cannot recover duplicate damages. Do not allow amounts awarded under one item of damage to be included in any amount awarded under another item of damage.

**INSTRUCTION NO.  36**

Certain testimony has been read into evidence from a deposition.  A deposition is testimony taken under oath before the trial and preserved in writing.  Consider that testimony as if it had been given in court.

**INSTRUCTION NO. 37**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

## INSTRUCTION NO. 38

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

**First**, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

**Second**, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges– judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Third**, if you need to communicate with me during your deliberations, you may send a note to me through the marshal, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone- including me- how your votes stand numerically.

**Fourth**, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be- that is entirely for you to decide.

**Finally**, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.